IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LULA WESTBROOK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-1730-L-BT** |
| § | |
| **LINEBARGER GOGGAN BLAIR &** § | |
| **SAMPSON, LLP, et al.,** § | |
| § | |
| Defendants. § | |

## ORDER

On September 19, 2024, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 5) ("Report"), recommending that the court **dismiss** this action **with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff filed 16 "nearly identical" cases most of which have already been disposed of, the magistrate judge determined that she has stated her "best case" and should not be allowed to further amend her pleadings. No objections to the Report were filed.

Plaintiff Lula Westbrook ("Plaintiff" or "Ms. Westbrook") did not pay the filing fee, and the court presumes that she seeks to proceed *in forma pauperis* (IFP). Ms. Westbrook filed 16 complaints, all of which raised difficult-to-decipher allegations.[1] In this action, Ms. Westbrook states that she wishes to sue Linebarger Goggan Blair & Sampson, LLP, et al., but alleges no coherent facts. The Report determined that "allegations consisting—of mostly incoherent combinations of words with a smattering of references to legal principles and statutes—are

---

[1] *See* Case Nos. 3:24-cv-01724-X, 3:24-cv-01725-D, 3:24-cv-01726-D, 3:24-cv-01727-N, 3:24-cv-01729-B, 3:24-cv-01728-L, 3:24-cv-01731-E, 3:24-cv-01732-K, 3:24-cv-01733-S, 3:24-cv-01734-K, 3:24-cv-01735-L, 3:24-cv-01736-D, 3:24-cv-01737-S, 3:24-cv-01738-N, 3:24-cv-01739-B.

Order – Page 1

irrational, delusional, and nothing more than gibberish." Report 3.

Having considered the Complaint, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** for failure to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Report 3. Further, the court agrees that, because of Plaintiff's litigious nature and her "nonsensical" allegations, she has stated her "best case" and will not be allowed to further amend her pleadings.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. Further, the court **directs** the clerk of the court not to accept any future actions from this Plaintiff unless she first obtains leave from a district or magistrate judge.

**It is so ordered** this 10th day of October, 2024.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge